[No. 28295-3-III.   Division Three.   November 18, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. ISIDRO URIBE VALDEZ, *Appellant*.

*Eric J. Nielsen* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Jennifer L. Johnson* and *Megan Whitmire, Deputies*, for respondent.

¶1 SWEENEY, J. — The State is required as a matter of due process of law to preserve evidence that tends to exculpate a criminal defendant of the crime with which he is charged. Here, the fact that a stolen laptop computer did not work (a fact not in controversy) was not exculpatory. Therefore, the State's failure to retain the computer or computer-related records did not violate the defendant's right to due process of law. Moreover, the evidence of the defendant's culpability, independent of this physical evidence, was overwhelming. We affirm the conviction for second degree theft.

## FACTS

¶2 The State charged Isidro Valdez with second degree theft, alleging that he stole a Toshiba laptop computer from Circuit City. Mr. Valdez moved to dismiss the charge because police returned the computer to Circuit City after photographing it. The court denied his motion.

¶3 A jury heard the case. Circuit City's former assistant manager, Roman Bondaruk, testified that he saw video surveillance of Mr. Valdez. It showed that he walked into the store empty-handed; took an orange (or light colored), refurbished, 17-inch Toshiba Satellite laptop computer from a clearance table; and carried it out of the store without paying for it. Former theft prevention specialist Terrance

Jackson confronted Mr. Valdez. Mr. Valdez denied stealing the computer. He claimed he bought a black laptop computer at a flea market. He said it did not work when he bought it. And he said he took it to Circuit City to find parts to repair it, did not find the parts, and left.

¶4 Circuit City's computer inventory system showed this missing computer had not been sold. Mr. Bondaruk gave Officer David Clark the computer's serial number and Mr. Valdez's license plate number. He also showed Officer Clark the surveillance video. It showed a man who looked like Mr. Valdez "walking out of the store carrying a [light]-colored laptop under his arm." Report of Proceedings at 64. All inventory records and surveillance videos were destroyed when Circuit City went out of business.

¶5 Officer Clark got a warrant and searched Mr. Valdez's house for the computer. He found the orange laptop. The model and serial numbers matched the numbers of the computer that had been stolen from Circuit City. Officer Clark tried unsuccessfully to turn the computer on; he believed the battery was dead. The officer seized the laptop, photographed it, and returned it to Circuit City. Circuit City apparently disposed of it because it was not available at the time of trial.

¶6 A jury found Mr. Valdez guilty. And the trial court entered a judgment on that verdict.

## DISCUSSION

¶7 Mr. Valdez contends the trial court should have granted his motion to dismiss the theft charge because the computer was material exculpatory evidence and the State failed to preserve it.

¶8 A trial court must dismiss a criminal charge if the State fails to preserve material exculpatory evidence. *State v. Wittenbarger*, 124 Wn.2d 467, 475, 880 P.2d 517 (1994). Here, the question is whether the evidence, if believed, would be exculpatory and that is a question of law.

So our review is de novo. *State v. Johnston*, 143 Wn. App. 1, 11, 177 P.3d 1127 (2007).

■■ ¶9 The physical computer here is materially exculpatory only if its exculpatory value was apparent on its face before it was returned to Circuit City and it was so unique that Mr. Valdez could not reasonably obtain comparable evidence. *State v. Copeland*, 130 Wn.2d 244, 279-80, 922 P.2d 1304 (1996).

¶10 Mr. Valdez contends the computer was exculpatory because he could have shown that it did not work and thereby corroborated his version of the events—that he bought the computer at a flea market and took it to Circuit City to find parts and fix it. But no one argues, or argued, that the computer worked. The question remains, so what if it did not work?

¶11 Second degree theft requires proof that Mr. Valdez took Circuit City's property, intending to deprive Circuit City of the property. Former RCW 9A.56.040(1)(a) (2007); former RCW 9A.56.020(1)(a) (2004); RCW 9A.56.010(19)(a) (defining "wrongfully obtains"). The factual issue here was whether Mr. Valdez took the computer, regardless of whether the computer worked or not. Mr. Valdez's version of the events does not rebut the State's showing that he walked into the store without a computer and walked out of the store with a computer.

¶12 The computer itself, then, had little or no exculpatory value. Simply assuming that it would have made Mr. Valdez's version of events more likely is not enough. *Copeland*, 130 Wn.2d at 280.

■ ¶13 Mr. Valdez also contends his case should have been dismissed because Circuit City's inventory records and surveillance videos were not available at trial. He argues that a lack of physical evidence casts doubt on the fairness of his trial. But both direct and circumstantial evidence are probative. *State v. Askham*, 120 Wn. App. 872, 880, 86 P.3d 1224 (2004). A lack of direct evidence, then, is not a ground for reversing Mr. Valdez's conviction.

¶14 The computer here was not material exculpatory evidence. The State was not required to preserve it. And the trial court properly denied Mr. Valdez's motion to dismiss the theft charge. *Copeland*, 130 Wn.2d at 280.

¶15 Moreover, the evidence of Mr. Valdez's culpability, independent of the physical presence of this computer, is, in a word, overwhelming. *State v. Watt*, 160 Wn.2d 626, 635, 160 P.3d 640 (2007).

¶16 We affirm the conviction.

KULIK, C.J., and KORSMO, J., concur.